199 So. 126

## STATE v. LUCAS.

### No. 35931.

Nov. 4, 1940.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen., and John E. Fleury, Dist. Atty., and Ernest M. Conzelmann, Asst. Dist. Atty., both of Gretna, for plaintiff and appellant.

Nicholas G. Carbajal of New Orleans, and Louis D. Frohlich and Herman Finkelstein, both of New York City, for defendant and appellee.

O'NIELL, Chief Justice.

The defendant was indicted for violating Act No. 137 of 1934, which undertakes to impose a license fee for the privilege of

collecting any money or other valuable consideration for rights, royalties or rents on copyrighted music books, recorded music for mechanical reproduction, or radio programs. The license fee is $5,000 to be paid to each and every parish in which any such collection is made or attempted to be made. And a fine of $2,000 and imprisonment for a term not exceeding a year is imposed upon any one who violates the act. The defendant filed a motion to quash the indictment on the ground that the statute was unconstitutional. The court sustained the motion, declared the act unconstitutional, and dismissed the prosecution. The State is appealing from the decision.

The principal ground on which the defendant pleaded that the statute was unconstitutional—and the ground on which the plea was sustained—was that the so-called license fee was exorbitant and oppressive, and had the effect not of licensing the business which it was imposed upon, but of destroying the business, which was not objectionable to the public in any sense. Hence the defendant pleaded—and the judge maintained—that the statute was violative of the Fourteenth Amendment of the Constitution of the United States, in that it denied the defendant the equal protection of the law, and deprived him of his property without due process of law, by depriving him of the benefit of his copyrights, and of his right to conduct the business in which he was engaged.

The so-called license fee is exorbitant, and the terms of the statute are oppressive. A license fee of $5,000 to be paid to each and every parish in the State means that the license fee would amount to $320,000 for the privilege of doing business throughout the State. The gross amount collected by the defendant in 1939, the year in which he was indicted, on the business done in the whole State, was $65,297.39. The gross amount collected on the business done in that year in the Parish of Jefferson, in which the defendant was indicted, was $2,228.62. The average gross amount collected per parish was $1,053.18. It would be impossible for any person, firm or corporation engaged in the business to collect enough to pay the license tax in any parish. A statute which purports to levy a license tax upon a particular business or occupation, but which makes the tax so exorbitant that no one can pay it and carry on the business or occupation profitably, does not in fact license the business or occupation, but undertakes to abolish it. Such a statute is violative of the Fourteenth Amendment of the Constitution of the United States in so far as it deprives any one of his right to carry on a lawful business or occupation.

The judgment is affirmed.

FOURNET, J., absent.